JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 15-03506 SJO (FFMx) | **DATE:** May 19, 2015 |
| **TITLE:** George Gorgy v. Ramy Baramily et al. | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz
Courtroom Clerk

Not Present
Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**

Not Present

**COUNSEL PRESENT FOR DEFENDANTS:**

Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR LOS ANGELES COUNTY; DENYING DEFENDANT MIKE BIANCHI'S REQUEST TO PROCEED IN FORMA PAUPERIS AS MOOT** [Docket No. 3]; **DENYING DEFENDANT RAMY BARAMILY'S REQUEST TO PROCEED IN FORMA PAUPERIS AS MOOT** [Docket No. 4]

This matter is before the Court on its own motion. On March 18, 2015, Plaintiff George Gorgy ("Plaintiff") initiated an unlawful detainer action in the Superior Court of California for Los Angeles County against Defendants Ramy Baramily and Mike Bianchi (collectively, "Defendants"). (*See generally* Notice of Removal ("Notice"), Ex. A ("Compl."), ECF No. 1.) In the Complaint, Plaintiff alleges that Defendants remain in unlawful possession of the property located at 4267 Marina City Drive, Unit 106, Marina Del Rey, CA 90292 (the "Property") after being served with a 3-day notice to pay rent or quit on March 13, 2015. (Compl. ¶¶ 3, 7-8.) On May 11, 2015, Defendants removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations and internal quotation marks omitted). Under the removal statute, an action is removable to federal court if it might have been brought there originally. *See* 28 U.S.C. § 1441(a).

In the Notice, Defendants allege that the Court has federal question jurisdiction. (Notice ¶¶ 6-10.) Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the

| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only | _____<br>_____<br>_____<br>_____<br>_____<br>_____ |
|---|---|---|---|

**CASE NO.:** CV 15-03506 SJO (FFMx)    **DATE:** May 19, 2015

cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he may avoid federal jurisdiction by pleading exclusively state law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's Complaint asserts only one state law cause of action for unlawful detainer. (*See generally* Compl.) In the Notice, Defendants argue that Plaintiff's Complaint for unlawful detainer is subject to strict notice requirements under California's Code of Civil Procedure with which Plaintiff failed to comply. (Notice ¶¶ 7-9.) Defendants maintain that "[a f]ederal question exists because" Defendants' Demurrer, filed in the Superior Court, "depends on the determination of Defendant[s'] rights and Plaintiff's duties under federal law." (Notice ¶ 10.) Thus, Defendants apparently seek to assert Plaintiff's alleged failure to comply with California's Code of Civil Procedure, as well as unspecified federal law, as a defense to Plaintiff's unlawful detainer action. However, a federal defense does not convert a state-law claim into a federal one. *See Williams*, 482 U.S. at 392. Further, it is Plaintiff's Complaint, not Defendants' Notice of Removal, that must contain claims that "depend[] on resolution of a substantial question of federal law" for federal jurisdiction to arise. *Empire Healthchoice,* 547 U.S. at 690. For these reasons, the Court finds that Defendants have failed to meet their burden of raising a federal question.

Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County. Because the matter is hereby remanded, the Court **DENIES** Defendants' separate Requests to Proceed in *Forma Pauperis* **as moot**. This action shall close.

IT IS SO ORDERED.